IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leon Jerome Daniels,<br><br>　　　　Petitioner,<br><br>v.<br><br>David Shinn,<br><br>　　　　Respondent. | No. CV-22-00470-PHX-DLR (MTM)<br><br>**ORDER**<br>**and**<br>**DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michael T. Morrissey (Doc. 13) regarding Petitioner Leon Jerome Daniels' ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Petition be denied and dismissed with prejudice. Petitioner filed an objection to the R&R (Doc. 16), and Respondents filed a response. (Doc. 17). The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

The Petition asserts two grounds for relief: ineffective assistance of counsel and depravation of the right to counsel. For his ineffective assistance of counsel ground Petitioner claims that his counsel was ineffective for failing to call any witnesses at a suppression hearing and for being unprepared at trial. The deprivation of counsel claim is based on the trial court's denial of Petitioner's mid-trial request for self-representation. The R&R found that both grounds are without merit.

To establish ineffective assistance of counsel a Petitioner must establish "prejudice," that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The R&R found that the PCR court was not unreasonable in concluding that Petitioner had failed to show prejudice because there was such overwhelming evidence of guilt outside the evidence subject to the suppression hearing that had the suppression motion been granted it would not have probably changed the outcome of the case.

Petitioner objects to that R&R's finding, arguing that all the evidence was subject to the suppression hearing because it was the fruit of an illegal search. However, the suppression motion only pertained to evidence discovered from Petitioner's phone, his driver's license, and cash. The motion was not a blanket challenge to all the evidence admitted against him. Petitioner's argument that all the evidence offered by the prosecution was fruit of the poisonous tree and would not have been discovered but for the alleged illegal search is not supported by the record.

There was substantial evidence of Petitioner's guilt not challenged in the suppression motion, including the victims' testimony that Petitioner encouraged the victims to engage in acts of prostitution, that he took photos of them to post on Backpage.com, that he posted the photos to Backpage.com to solicit dates, that he required the victims to give him the money received from acts of prostitution, and that he drove the victims from California to Arizona to engage in acts of prostitution. The victims also testified that one of the victims was a minor and that Petitioner had sex with the minor victim. The evidence admitted over Petitioner's motion to suppress was merely cumulative to the unchallenged evidence of Petitioner's guilt. If there was any ineffectiveness during the suppression hearing, it did not prejudice the Petitioner. *See Strickland*, 466 U.S. at 669.

Petitioner disagrees with the R&R's conclusion that the evidence admitted was substantial evidence of guilt. Petitioner argues that without the admission of the evidence sought to be suppressed, the outcome of the trial would have been different. Having

reviewed the record, the Court agrees with the findings of the R&R. The evidence of guilt, described above, was substantial, despite Petitioner's argument otherwise. The specific details that Petitioner argues as showing the weakness of the evidence, such as two victims not knowing his name, are not exonerating, and do not overcome the substantial evidence of guilt.

Given Petitioner's failure to establish prejudice, the state PCR court reasonably applied *Strickland* when it denied Petitioner's claims. The Court agrees with the findings of the R&R on this claim and overrules the objection to the R&R's findings pertaining to Ground 1(a). That ground is dismissed for lack of merit.

Petitioner's claim of ineffective assistance of counsel based on a lack of preparation was also found by the R&R to be meritless. Petitioner objects to the findings of the R&R, arguing that if counsel would have virtually no knowledge of the case, then counsel would be incapable of rendering effective assistance. However, he has not shown that counsel's actions were not a sound trial strategy or that he would have obtained a more favorable outcome at trial had counsel taken any of the actions Petitioner desired. He has not shown how cross-examination of witnesses would have probably changed the outcome of the trial. Nor has he shown that there was any additional evidence available to counsel that would have probably changed the outcome of the trial.

The Court agrees with the R&R that Petitioner has failed to show that the state PCR court "applied *Strickland* to the facts of his case in an objectively unreasonable manner," *Woodford*, 537 U.S. at 25, and therefore fails to show he is entitled to relief on Ground 1(b). Accordingly, the Court overrules the objection and dismisses Ground 1(b) for lack of merit.

The R&R found that Petitioner's deprivation of the right to counsel claim based on the trial court's denial of Petitioner's mid-trial request for self-representation, was meritless because the request to proceed *pro se* was untimely. In *Faretta v. California*, 422 U.S. 806 (1975), the U.S. Supreme Court recognized a constitutional right to self-representation in criminal proceedings. However, in the *Faretta* opinion, the Supreme Court recognized the

right to self-representation is not absolute. The defendant must 'voluntarily and intelligently' elect to conduct his own defense, 422 U.S. at 835 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464-465 (1938)), and most courts require him to do so in a timely manner." *Martinez v. Court of App. Of Cal.*, 528 U.S. 152, 161-62 (2000) (internal quotation marks and some citations omitted). The Court further instructed that "the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." *Id.* at 162.

The Ninth Circuit requires a request for self-representation to be "timely" and not "a tactic to secure delay." *Armant v. Marquez*, 772 F.2d 552, 555 (9th Cir. 1985). The Ninth Circuit has also noted that "*Faretta* does not articulate a specific time frame pursuant to which a claim for self-representation qualifies as timely. It indicates only that a motion for self-representation made 'weeks before trial' is timely." *Stenson v. Lambert*, 504 F.3d 873, 884-85 (9th Cir. 2007) (citing *Faretta*, 422 U.S. at 835). Given the lack of a definition for "timeliness" in *Faretta*, the Ninth Circuit has reasoned that "[b]ecause the Supreme Court has not clearly established when a *Faretta* request is untimely, other courts are free to do so as long as their standards comport with the Supreme Court's holding that a request 'weeks before trial' is timely." *Marshall v. Taylor*, 395 F.3d 1058, 1061 (9th Cir. 2005).

When the trial judge granted Petitioner's pre-trial request to represent himself, Petitioner was warned that if he turned the case over to advisory counsel in the middle of trial, advisory counsel would have no knowledge of the case but the court would not grant a continuance. Petitioner chose to represent himself but in the fourth day of trial asked to have his stand-by counsel take over his defense. The trial court granted his request and despite its earlier statement that no continuance would be granted, continued the trial for five days to give counsel time to familiarize himself with the file. When the trial resumed after the five-day continuance, Petitioner again changed course and requested to continue representing himself. The trial judge had warned him that he would not allow Petitioner to go back and forth between being represented and unrepresented. The trial court denied the request and Petitioner was represented by counsel for the remainder of the trial.

The R&R found that considering *Farretta* and Ninth Circuit caselaw addressing timeliness of an assertion of the right to self-representation there is no basis to find that the PCR court unreasonably applied Supreme Court precedent in rejecting Petitioner's Sixth Amendment claim. The Court agrees and overrules the objection to the dismissal of Ground 2 for lack of merit.

Because Petitioner's objections have all been overruled, Petitioner is not entitled to relief on the grounds raised in his habeas petition. The record is sufficiently developed, and the Court finds an evidentiary hearing is unnecessary for resolving this matter.

**IT IS ORDERED** that the R&R (Doc.13) is **ACCEPTED**.

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED**.

A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition has not demonstrated that reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and shall terminate this action.

Dated this 20th day of March, 2023.

Douglas L. Rayes
United States District Judge